IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02923-GPG

ELMER J. CROSS, JR.,

    Plaintiff,

v.

SARGENT KOCH,
SARGENT LUSK,
SARGENT TELESIN,
SHERIFF'S DEPUTY ROYBAL,
SHERIFF'S DEPUTY TILTON,
SHERIFF'S DEPUTY RODRIGUEZ,
SHERIFF'S DEPUTY NEEDHAM, and
SHERIFF'S DEPUTY CLARK,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Elmer J. Cross, Jr., currently resides in Denver, Colorado. When he initiated this action on October 28, 2014 by submitting *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, he was an inmate incarcerated at the Denver County Jail.

    On October 28, 2014, Magistrate Judge Boyd N. Boland entered an order directing Mr. Cross to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a certified copy of his prison trust fund statement for the six-month period immediately preceding the filing of the Complaint or pay the $400 filing fee. After being granted three extensions of time and filing numerous documents that did not comply with the October 28 Order, Plaintiff filed, on January 27, 2015, a

Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 46) but stated that prison officials would not provide him with a certified copy of his account statement.  Shortly thereafter, Mr. Cross notified the Court that he was released from custody on January 26, 2015 and currently resides at St. Francis Center, 2323 Curtis Street, Denver, Colorado 80205.  Although Mr. Cross is no longer a prisoner, the Court will not require him to submit on the Court-approved form an Application to Proceed in District Court Without Prepaying Fees or Costs, the *in forma pauperis* form to be used by nonprisoners.  Instead, the Court grants the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 46) filed on January 27, 2015 based on an inability to prepay fees or give security therefor.

The Court must construe the Complaint liberally because Mr. Cross is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court does not act as an advocate for a *pro se* litigant.  See *id*.

Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A claim is frivolous if it "lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A legally frivolous claim rests on "an indisputably meritless legal theory," such as a claim that a

non-existent legal interest has been infringed. *Id.* at 327. For the reasons stated below, the Complaint and the action will be dismissed as frivolous.

In the Complaint, Mr. Cross begins by providing a six-page narrative about how he has been targeted for the past seven years by an "unknown-unnamed Federal Agency" that has "laced/poisoned" his personal property in California, New Mexico, and Arizona. (*See* ECF No. 1 at 5-10). Mr. Cross then asserts the following three claims: (1) "aggravated attempted murder in the first degree by poisoning/lacing and cruel and unusual punishment" against Defendant Roybal and unnamed laundry officers; (2) "aggravated attempted murder in the first degree by poisoning/lacing and cruel and unusual punishment" against Defendants Rodriguez and Needham; and (3) "aggravated attempted murder in the first degree by lacing/poisoning and cruel and unusual punishment (intentional direct involvement and complicity through obstruction and code of silence)" against Defendants Clark, Tilton, Needham, Rodriguez, Koch, Lusk, and Telesin. (*Id.* at 10-17). In support of these claims, Mr. Cross alleges that while incarcerated at the Denver County Jail, Defendant Roybal spread the "diabolical poison" over his jumpsuits and linens and that Defendants Rodriguez and Needham refused to provide him with a clean jumpsuit when Mr. Cross requested one in October 2014. (*Id.* at 10-16). He further alleges that "[e]veryone who works at the [Denver County Jail] is committing intentional obstruction of justice through willful, intentional complicity through the code of silence" and that "unit officers Clark, Tilton, Needham, Rodriguez, Perez, Hernandez, Sprock, the mail officer Jones are all directly involved in spreading/lacing/poisoning me and attempting to cover it up." (*Id.* at 17). He finally alleges that Defendants Koch, Lusk, and Telesin "all know the unit officers are lacing

request forms, pencils, medical kites, etc." (*Id.*)  He seeks money damages as well as "criminal charges, prosecutions, jailing/prison, and resignations." (*Id.* at 21).

The Court finds that the Complaint is deficient for the same reasons the Court dismissed Plaintiff's claims in *Cross v. City of Denver, et al.,* No. 14-cv-02793-LTB (D. Colo. Oct. 10, 2014) as frivolous under § 1915(e)(2)(B).  In No. 14-cv-2793-LTB, Mr. Cross made virtually identical allegations and claims against Defendant City and County of Denver and sought the same relief.  For example, Mr. Cross alleged in the Amended Complaint in No. 14-cv-2793-LTB that:

- for the past seven years an "unknown-unnamed Federal Agency" has "laced/poisoned" his personal property in California, New Mexico, and Arizona;

- while incarcerated at the Denver County Jail from May 2014 until January 2015, his indigent packages, personal belongings, and medications were laced with poison that caused migraines, burning skin, numbness, loss of circulation in arms and hands, jaw pain, and a "metallic, salty taste in my mouth; and

- Defendants "purposly [sic] and knowingly created a very dangerous and life-threatening environment for me by constantly aggitating [sic] and harassing me and using inmate informants/rats against me in every pod/unit that I moved to leaving me no choice but to isolate myself."

(*See* No. 14-cv-02793-LTB, ECF No. 88 at 3-13).

In No. 14-cv-2793-LTB, the Court provided Mr. Cross with an opportunity to amend his complaint and found that the Amended Complaint still failed to comply with Rule 8 of the Federal Rules of Civil Procedure, lacked any allegations that any alleged constitutional violations were taken pursuant to an official municipal policy or custom, and that the claims were factually frivolous because they rested on "fantastic or delusional scenarios" whose factual contentions "rise to the level of the irrational or the

4

wholly incredible." (*See* No. 14-cv-02793-LTB, ECF No. 90).

After reviewing the Complaint in the instant action, the Court finds that this case appears to be duplicative of No. 14-cv-2793-LTB because the claims, parties, and available relief do not significantly differ between the two actions. *See Park v. TD Ameritrade Trust Co., Inc.,,* 461 Fed. App'x. 753, 755 (10 The Cir. Feb. 14, 2012). The Court further finds that Plaintiff's claims (1) are vague, conclusory, and rambling; (2) do not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure; and (3) do not allege facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. At best, the Complaint is a verbose diatribe that makes little sense, fails to articulate the specific claims Mr. Cross is asserting, and fails to allege what each Defendant did that allegedly violated his rights.

Moreover, the Court finds that the claims are factually frivolous. A claim is factually frivolous if it depicts "fantastic or delusional scenarios," *Neitzke,* 490 U.S. at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The Court finds that Plaintiff's claims rest on "fantastic or delusional scenarios" whose factual contentions "rise to the level of the irrational or the wholly incredible." *See Neitzke*, 490 U.S. at 327-28; *Denton,* 504 U.S. at 33. Thus, the claims are baseless and Mr. Cross is not entitled to relief in this action. The Complaint and the action will be dismissed as frivolous under § 1915(e)(2)(B).

The Court also warns Mr. Cross that "the right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to

prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar. Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati v. Beaman*, 878 F.2d at 352).

> Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.

*Andrews*, 483 F.3d at 1077.

If a *pro se* party signs a pleading in violation of Fed. R. Civ. P. 11(b) a court "may . . . impose an appropriate sanction" upon that party.  See Fed. R. Civ. P. 11©.  Rule 11 serves several purposes, including, but not limited to, (1) deterring future litigation abuse; (2) punishing present litigation abuse; and (3) streamlining court dockets and facilitating case management. *White v. General Motors Corp., Inc.*, 908 F.2d 675, 683 (10th Cir. 1990) (citing American Bar Association, *Standards and Guidelines for Practice Under Rule 11 of the Federal Rules of Civil Procedure* (1988), *reprinted in,* 5 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* 212, 235-36 (Supp. 1989)). Deterrence is the primary goal of a sanction.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).  In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable. *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990).  A pattern of groundless and vexatious litigation will support an order enjoining a litigant from filing any claims without first seeking prior

leave of court.  *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989).

The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions and who generally abuses judicial process. *Phillips v. Carey,* 638 F.2d 207, 209 (10th Cir. 1981).  These restrictions may be directed to provide limitations or conditions on the filing of future suits.  *Id.*  Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented.  *Tripati*, 878 F.2d at 353-54.  Mr. Cross has the right to notice and to oppose, in writing, the imposition of future restrictions.  *See Tripati*, 878 F.2d at 354.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Cross files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint (ECF No. 1) and the action are dismissed as frivolous under § 1915(e)(2)(B).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 46) is granted and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2) is denied. It is

FURTHER ORDERED that all other pending motions are denied as moot.

DATED at Denver, Colorado, this  19th  day of   February   , 2015.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court